UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:  Michael Ponte                                    BK # 10-12215
        Vivian Ponte
              Debtors                                    Chapter 13

JP MORGAN CHASE BANK, NA's
OBJECTION TO CONFIRMATION
OF DEBTORS' PLAN

JP Morgan Chase Bank, NA, by its counsel, Lynda Laing, Esq., hereby objects to Confirmation of the debtors' Chapter 13 Plan dated May 24, 2010, and states the following grounds that:

1. That on May 24, 2010 the debtors, above-named, filed a voluntary petition in bankruptcy under Title 11, Chapter 13, U.S.C., United States Bankruptcy Court for the District of Rhode Island.

2. The Court has jurisdiction to entertain this objection under 28 U.S.C., §157.

3. Objectant, JP Morgan Chase Bank, NA, is the holder of a properly perfected first-in-right purchase money security interest in one (1) 2002 Ford Explorer with VIN # 1FMDU75E02ZC14791.

4. JP Morgan Chase Bank, NA hereby objects to debtors' Plan upon the grounds that the Plan does not provide for full payment of the value of the secured claim of JP Morgan Chase Bank, NA existing as of the effective date of the Plan in that, among other things, the debtors have not placed the retail value on the collateral and the Plan does not provide for adequate future interest payment; all as required under 11 U.S.C. §1325(a)(5).

5. In the case at bar, the debtor proposes to pay JP Morgan Chase Bank, NA $5,088.00 as its secured claim together with interest at the rate of 0% thereon. However,

the retail value of the vehicle set forth in the NADA Used Car Guide for the month of June 2010, is $8,325.00 which does not include additions for accessories.

6. For the foregoing reasons, it is respectfully submitted that the debtors' proposed treatment does not reflect the appropriate value for the secured claim and it fails to comply with the cram down requirements for confirmation as contained in 11 U.S.C. §1325(a)(5)(B)(ii).

7. JP Morgan Chase Bank, NA objects to the debtors' proposed interest rate of 0%. It is respectfully submitted that the interest rate to be paid on secured claims in a Chapter 13 Plan must be consistent with the Supreme Court's ruling in <u>Till v. S.C.S. Credit Corp.</u>, 124 S. Ct. 1951 (2004). The interest rate must be based upon the national prime rate together with appropriate risk factors determined by the facts and circumstances of each case.

8. The debtor is required by 11 U.S.C. §1326(a)(1)(C) to commence making payments no later than 30 days after the date of filing in the amount that provides adequate protection directly to JP Morgan Chase Bank, NA. Debtor's Plan fails to provide for required adequate protection. JP Morgan Chase Bank, NA asserts that the amount of such payment must be sufficient to provide JP Morgan Chase Bank, NA's claim adequate protection during the period of the plan as required by 11 U.S.C. §1325(a)(5)(B)(iii)(II) and 11 U.S.C. §1326(a)(1)(C). JP Morgan Chase Bank, NA asserts that the adequate protection payments should equal a minimum of 2% of the NADA retail, $8,325.00 for the month of filing, June 2010.

9. JP Morgan Chase, Bank, NA hereby objects to the debtors' Plan on the grounds that the Plan fails to provide for periodic payments in equal monthly amounts as required by 11 U.S.C. §1325(a)(5)(B)(iii)(I).\

10. No prior application for the relief requested herein has been made.

WHEREFORE, JP Morgan Chase Bank, NA respectfully requests that the Court deny the Court deny confirmation of the debtor's Amended Chapter 13 Plan for the reasons hereinabove set forth unless modified to reflect the proper valuation of the vehicle as detailed above and for such other and further relief as to the Court may seem just and proper.

                                            JP Morgan Chase Bank, NA,
                                            By their attorneys,
                                            STRAUSS, FACTOR, LAING
                                             &LYONS

                                            /s/ Lynda Laing
                                            Lynda L. Laing #3082
                                            One Davol Square, Ste. 305
                                            Providence, RI 02903
                                            Tel No.: (401) 456-0700
                                            Fax No.: (401) 421-4730

Dated: June 17, 2010

In Re: Michael Ponte                                                        BK # 10-12215

## CERTIFICATION

    I hereby certify that on June 17, 2010, I electronically filed the Objection for Confirmation with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically; Office of the US Trustee, John Boyajian, Esquire and Stephen Levesque, Esquire.

                                                                                                                                                                /s/ Lynn Morrison
                                                                                                                                 Lynn Morrison

In Re: Michael Ponte                                                                                    BK # 10-12215

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:  Michael Ponte                                          Case No.: 10-12215
Vivian Ponte                                                       Chapter 13

RESPONSE TO DEBTOR'S MOTION TO MODIFY SECURED CLAIM

JP Morgan Chase Bank, NA hereby responds to Debtor's Motion to Modify Secured Claim and states the following grounds therefor:

1. On July 20, 2009, the debtor, above-named, filed a voluntary petition in bankruptcy under Title 11, Chapter 13, U.S.C., United States Bankruptcy Court for the District of Rhode Island.

2. The Court has jurisdiction to entertain this objection under 28 U.S.C., §157.

3. Respondent, JP Morgan Chase Bank, NA is the holder of a properly perfected first-in-right purchase money security interest in one (1) 2003 Volvo C70 convertible with VIN # YV1NC63D03J036519 owned by and upon information and belief, in the possession and control of the debtor.

4. JP Morgan Chase Bank, NA, hereby objects to the Motion to Modify Secured Claim upon the grounds that the Motion does not provide for the full payment of the value of the secured claim of JP Morgan Chase Bank, NA existing as of the effective date of the Motion in that, among other things, the debtor has undervalued the collateral and the Motion does not provide for an adequate future interest payment; all as required under 11 U.S.C. §1325(a)(5).

5. It is respectfully submitted that JP Morgan Chase Bank, NA is entitled to the "replacement value" of its collateral.  See, Associates Commercial Corporation v. Rash, 117 S. Ct. 1879 (1997).  In Rash, the Supreme Court opined that "[u]nder @ 506(a), the

In Re: Michael Ponte                                                                                BK # 10-12215

value of property retained because the debtor ahs exercised Chapter 13's 'cram down' option is the cost the debtor would incur to obtain a like asset for the same proposed use". In particular, the Court held that the value of the property i.e. the creditor's secured claim, is the price a willing buyer would pay to obtain a like property from a willing seller.

      6. In the case at bar, the debtor proposes to pay JP Morgan Chase Bank, NA $8,775.00 as its secured claim, together with interest thereon. However, the retail value of the vehicle set forth in the NADA Used Car Guide is $12,175.00 which does not include additions for accessories. It is respectfully submitted that the debtor has not proposed to include the appropriate value of JP Morgan Chase Bank, NA's secured claim.

      7. No prior application for the relief requested herein has been made.

      WHEREFORE, JP Morgan Chase Bank, NA respectfully requests that the Court deny the debtor's Motion to Modify Secured Lien of JP Morgan Chase Bank, NA. for the reasons set forth hereinabove and such other and further relief as to the Court may seem just and proper.

                                          JP Morgan Chase Bank, NA,
                                          By their attorneys,
                                          STRAUSS, FACTOR, LAING
                                           &LYONS

                                          _/s/ Lynda Laing_____
                                          Lynda L. Laing #3082
                                          222 Richmond Street, Ste. 208
                                          Providence, RI 02903
                                          Tel No.: (401) 456-0700
                                          Fax No.: (401) 421-4730

Dated: August 11, 2009

CERTIFICATION

    I hereby certify that on August 11, 2009, I electronically filed the Response with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically; Office of the US Trustee, John Boyajian, Esquire and John Simonian, Esquire.

                                                                                                                                      /s/ Lynn Morrison
                                                                                                                                        Lynn Morrison